IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

PIERRE CIDONE,

Defendant.

CASE NO. 3:06-CR-0061

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Pierre Cidone's Motion to Reconsider Order Denying Cidone's Motion to Withdraw Guilty Plea. (Doc. 133.) The motion will be denied.

## BACKGROUND

In February, 2006, Pierre Cidone was charged by Indictment with one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and one count of possession of a controlled substance in violation of 21 U.S.C. § 844. On March 8, 2006, Mr. Cidone was arraigned and entered a not guilty plea. On June 1, 2006, he filed a motion to suppress the evidence seized in a search on May 4, 2005. In January, 2008, a suppression hearing was held, and it was determined that the search and seizure were lawful and the statement given by Mr. Cidone was voluntary. Trial was scheduled for May 5, 2008.

Some prior history is in order. In December, 2006, Mr. Cidone entered into a plea agreement which contained an agreed upon sentence of 120 months in accordance with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. At the time Mr. Cidone was to

enter his guilty plea, he informed the Court that he did not wish to plead guilty. Prior to the entry into the plea agreement, Mr. Cidone, with his lawyer, a federal public defender, Frederick W. Ulrich, Esquire, met with an FBI agent and made an extensive proffer in which he not only admitted guilt, but gave great detail about events and the identity of people involved with him in drug trafficking.

On April 30, 2008, Mr. Cidone, along with his lawyer, a federal public defender, Gino A. Bartolai, Jr., Esquire, met with the United States Attorney and signed a waiver of his Miranda rights and a statement admitting to the possession with intent to deliver 18 grams of cocaine base. On June 4, 2008, Mr. Cidone pled guilty before the Court. At the plea hearing, he and the Government amended the plea agreement from one containing an agreed upon sentence (120 months) pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure to an open plea with no agreed upon sentence. At the plea hearing, the Court conducted a plea colloquy during which Mr. Cidone, under oath, (a) admitted his guilt, (b) said he was doing so voluntarily because he was guilty, (c) testified he was not subjected to any coercion to plead guilty, (d) waived his right to a jury trial after being advised of his right to a trial by jury with all attendant rights, including the protection of the presumption of innocence and his right to remain silent, e) admitted guilt of each of the elements of the offense and (f) admitted the facts proffered by the Government which satisfied each of the elements of the offense. Thereafter, his plea was accepted by the Court and a sentencing date was set.

Mr. Cidone then wrote a letter to the Court indicating he wanted to withdraw his plea and wanted new counsel. In July, 2008, counsel filed a motion on behalf of Mr. Cidone to withdraw his plea, which the Court denied. Upon the filing of the instant motion, new

counsel, Paul P. Ackourey, Esquire, was appointed on October 21, 2008. A hearing was held on this motion on December 1, 2008.

The motion is ripe for resolution.

## DISCUSSION

Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant "may withdraw a plea of guilty . . .[if] the defendant can show fair and just reason for requesting the withdrawal". Moreover, the defendant has a substantial burden of demonstrating such a fair and just reason. *United States v. Jones,* 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Hyde,* 520 U.S. 670, 676-77 (1997)). The United States Court of Appeals for the Third Circuit has stated there are three (3) factors which should be considered in ruling on a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence, (2) the strength of the defendant's reasons for moving to withdraw, and (3) whether the government would be prejudiced by the withdrawal. *United States v. Brown,* 250 F.3d 811, 815 (3d Cir. 2001). The government is not required to show prejudice when the defendant has not shown sufficient grounds for withdrawal. *United States v. Martinez,* 785 F.2d 111, 116 (3d Cir. 1986). I will consider the facts.

### (1) Assertion of Innocence

Mr. Cidone testified under oath on December 1, 2008 that he is innocent. He also testified under oath at the guilty plea hearing that he was guilty, that he was guilty of each of the elements of the offense and that the facts proffered by the government that detailed his guilt and met the elements of the offense were true. In addition, prior to his plea in June, 2008, he signed a statement waiving his Miranda rights and he signed a statement admitting

his guilt of the possession with intent to deliver 18 grams of cocaine base. His lawyer, Mr. Bartolai, who was present at the time, advised Mr. Cidone against signing the statement of guilt, which his lawyer testified was read to Mr. Cidone. Indeed, counsel gave Mr. Cidone three (3) reasons why he should not sign the statement, and told Mr. Cidone that it would lock him in to guilt; if the case went to trial, the statement would be used against him; and, it would make his lawyer a witness.

In addition, while represented by Mr. Ulrich, in November, 2006, Mr. Cidone made a proffer to the Government in which he admitted his guilt and described in detail his activities in drug dealing and identified others with whom he was involved. Mr. Cidone testified that Mr. Ulrich told him to make things up and he could get a lighter sentence. Mr. Ulrich testified that he never so advised Mr. Cidone. Moreover, counsel testified that the plea agreement reached at that time was Mr. Cidone's idea, not his.

Mr. Cidone has made "bold assertions of innocence". *See, U.S. v. Brown, supra* at 818 ("Bold assertions of innocence . . . are insufficient to permit a defendant to withdraw [a] guilty plea.") Mr. Cidone's profession of innocence is offset by the overwhelming evidence of guilt supplied by him and recounted above. Moreover, Mr. Cidone's version of events is simply not credible. It is, in all material matters, inconsistent with the testimony of both of his lawyers and the FBI task force officer concerning the November, 2006 proffer, entry into the plea agreement, the April 30, 2008 signing of the statement admitting guilt, and the admissions during the plea colloquy before the Court in June, 2008.

### (2) Strength of Reasons for Withdrawing Plea

Mr. Cidone suggests that he gave the November, 2006 proffer because Mr. Ulrich told him to make things up. In that proffer, he gave details of drug transactions which

4

involved travel out of the state for supply and return for distribution, and he provided many names of the people with whom he dealt. For one to believe all of this detail was the product of one's imagination does not withstand scrutiny. That it was made up is simply not credible. Moreover, Mr. Ulrich testified he never advised Mr. Cidone to create a story, and the Court believes Mr. Ulrich.

Mr. Cidone offered nothing credible about the events of April 30, 2008. He testified he did not sign a waiver of his Miranda rights, yet one was signed by him. He testified he signed the statement admitting guilt but never read it. He also testified it was not read to him. His lawyer, Mr. Bartolai, testified it was. Mr. Cidone's testimony is not credible. Moreover, as indicated, Mr. Bartolai advised him against signing the statement admitting guilt and the Court believes him.

Therefore, Mr. Cidone has offered no good reasons for allowing him to withdraw his guilty plea.

### (3) Prejudice to the Government

Since the Court has determined that Mr. Cidone fails on factors (1) and (2), consideration of factor (3) is not necessary. *Martinez*, 785 F.2d at 116.

An appropriate Order follows.

Date: December 11, 2008

A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:06-CR-0061 |
| v. | (JUDGE CAPUTO) |
| PIERRE CIDONE, | |
| Defendant. | |

## ORDER

**NOW**, this _11th_ day of December, 2008, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Order Denying Cidone's Motion to Withdraw Guilty Plea (Doc. 133) is **DENIED**.

_/s/ A. Richard Caputo_
A. Richard Caputo
United States District Judge