# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:CR-06-061 |
| PIERRE CIDONE, | (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Pierre Cidone's ("Cidone") Motion Pursuant to 28 U.S.C. § 2255. (Doc. 245.) Because the record demonstrates that Cidone was not deprived of the effective assistance of counsel and that he is not entitled to the relief requested, the motion will be denied without a hearing.

## I. Background

On May 4, 2005, a cooperating witness contacted the Scranton Police and stated that Cidone was traveling to New Jersey to purchase crack cocaine. The cooperating witness described the vehicle in which they would be traveling, the passengers in the vehicle, its destination, and the estimated time of arrival. After the vehicle arrived in Scranton, Pennsylvania, police officers verified the descriptions provided by the cooperating witness.

Police officers approached the parked vehicle on the 1300 block of Washburn Street in Scranton. As they approached, the doors to the vehicle were being opened. The officers shined flashlights into the vehicle and one of the passengers yelled. At the same time, Cidone, while sitting in the backseat behind the driver's seat, put his hands down towards the floor and made furtive movements. He was asked to put his hands up, but he initially refused. Cidone was then removed from the vehicle, and the officers observed in plain view, where Cidone had been sitting, a clear plastic bag that appeared to contain crack cocaine. Cidone was advised of his *Miranda* rights. Cidone denied that he owned the drugs.

Cidone was subsequently searched. The search resulted in the discovery and seizure of a razor blade and a large quantity of miniature ziplock baggies.

On February 14, 2006, a federal grand jury returned an indictment against Cidone, charging him with conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2), and possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844 (Count 3).

On December 20, 2006, a plea agreement and "Statement of Defendant" signed by Cidone were filed with the Court, and a plea date was scheduled. On the date of the scheduled guilty plea, Cidone informed the Court that he did not wish to plead guilty. Thereafter, a motion for new counsel was filed by Cidone's attorney, Frederick W. Ulrich. The motion was granted, and Deborah Albert-Heise was appointed to represent Cidone. Then, on July 27, 2007, Deborah Albert-Heise was replaced as counsel by Gino A. Bartolai, Jr.

On January 23, 2008, a hearing was held on Cidone's motion to suppress evidence. The motion was denied on the record.

On May 1, 2008, a plea agreement signed by Cidone was filed with the Court. Agents also took a signed, counseled statement from Cidone in which he admitted to possessing with the intent to distribute between five and eighteen grams of cocaine base as reflected in Count 2 of the indictment.

On June 4, 2008, Cidone pled guilty to possession with intent to distribute in excess of five grams of cocaine base (Count 2). The plea agreement originally contained a provision in which the parties agreed to recommend that Cidone be sentenced to 120 months in prison. At the plea hearing, however, the agreement was amended to remove

the recommended sentence term. Also filed with the Court was an Amended Statement of Defendant. After conducting a colloquy and finding that he was knowingly and voluntarily pleading guilty, Cidone's guilty plea was accepted. Cidone subsequently filed a motion to withdraw his guilty plea, which was denied.

On October 21, 2008, Gino A. Bartolai, Jr. was replaced by Paul Ackourey as counsel for Cidone. Paul Ackourey subsequently filed a motion to withdraw, and the motion was granted on January 8, 2009. And, on November 13, 2009, Gino A. Bartolai, Jr. was again appointed to represent Cidone. Thereafter, on January 19, 2010, Cidone was sentenced to 120 months of imprisonment.

Cidone next filed an appeal in the United States Court of Appeals for the Third Circuit. On February 11, 2010, Gino A. Bartolai, Jr. filed a motion for leave to withdraw as counsel on appeal, and the Third Circuit granted the motion on March 15, 2010. On July 12, 2010, Cidone filed a *pro se* "Brief in Support for Review" in the Third Circuit. On August 20, 2010, Walter S. Batty, Jr. was appointed as appellate counsel.

Cidone's appellate counsel filed an exhaustive and extensive *Anders* brief addressing Cidone's possible claims on appeal, including those raised by Cidone in his *pro se* brief. Cidone's appellate counsel concluded that all claims would be frivolous.

On November 18, 2011, the Third Circuit affirmed this Court's judgment and granted Walter S. Batty, Jr.'s motion to withdraw. Cidone then filed a petition for rehearing *en banc* which was denied by the Third Circuit on February 21, 2012. On February 28, 2012, the Third Circuit issued a certified order in lieu of formal mandate.

On February 11, 2013, Cidone filed the instant motion pursuant to 28 U.S.C. § 2255. After the Government filed a brief in opposition, Cidone filed a "Motion to Dismiss Government's Response to Motion to Vacate under 28 U.S.C. § 2255," which the Court construes as a reply brief in further support of his motion to vacate. Cidone's motion

pursuant to § 2255 is now ripe for disposition.

## II. Legal Standard

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on their motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. *See Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Gov't of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d. Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to

relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *see also Forte*, 865 F.2d at 62..

### III. Discussion

#### A. Motion to Appoint Counsel

On December 12, 2013, after Cidone's § 2255 motion was fully briefed, he filed a motion for appointment of counsel. (Doc. 262.) This motion will be denied.

There is no absolute constitutional right to appointment of counsel in a federal habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 757, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1989) ("the right to appointed counsel extends to the first appeal of right, and no further."). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing Section 2255 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2)(B).

> Under these guidelines, counsel may be appointed where a *pro se* prisoner in a habeas action has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. . . . District courts have discretion to appoint counsel in habeas cases where the interests of justice so require. . . . Factors to consider include whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court.

*Clay v. Sauers*, No. 12-5670, 2013 WL 4463563, at *5 (E.D. Pa. Aug. 21, 2013) (internal citations omitted).

Here, upon consideration of the § 2255 motion, the Government's response thereto, and the pleadings and documents of records, an evidentiary hearing on Cidone's motion is not warranted. Moreover, Cidone's motion does not present complex factual and legal issues. As such, appointment of counsel to represent Cidone is not necessary and the motion will be denied.

**B.     Cidone's § 2255 Motion**

Cidone's § 2255 motion is predicated on the alleged ineffective assistance provided by his counsel during the course of his criminal prosecution. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment." *Id*. (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*.

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. It is well-settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial the result of which is reliable. *Id*. at 687, 104 S. Ct. 2052. It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id*. at 693, 104 S. Ct. 2052. Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. 2052. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id*. Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

The Supreme Court has noted that application of the *Strickland* standard does not require that the performance prong be addressed first. Rather,

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

Cidone essentially claims that he was denied the effective assistance of counsel in two respects. First, Cidone argues that counsel was ineffective in litigating the suppression issues in this case. Second, Cidone contends that his counsel in this Court, as well as his appellate counsel, failed to adequately investigate and explore all aspects of his case and that they provided minimal defense strategies.

7

As to Cidone's suppression arguments, he has previously asserted that this "Court erred in denying his motion to suppress the evidence" in the Third Circuit. *See Cidone*, 452 F. App'x at 196 n.2. The Third Circuit rejected this argument because "Cidone's subsequent guilty plea waived his right to appeal these issues." *Id*. (citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d (1973). According to the Third Circuit, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981) (per curiam); *see also Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255"). Thus, to the extent that Cidone argues that the Court erred in denying his motion to suppress, this issue cannot be relitigated here.

Moreover, Cidone cannot demonstrate that his counsel was ineffective regarding the suppression issues because trial counsel's performance did not fall below an objective standard of reasonableness and Cidone was not prejudiced as a result. Significantly, Cidone was not prejudiced by counsel's performance because, as I stated in denying his suppression motion, the officers had reasonable suspicion justifying an investigatory detention on May 4, 2005. *See, e.g., United States v. Duffaut*, 314 F.3d 203, 208 (5th Cir. 2002) ("Huff came under investigation when the CI advised the DEA agents that Huff would be transporting a large amount of cocaine to Slidell in a black Lincoln Continental. The CI further indicated that another individual would actually drive the Lincoln while Huff followed in his Camaro. This information, coupled with the corroborating observations made by the agents, supported the stops of the vehicles and the detention of Huff and Duffaut pending the officers' investigation."). Accordingly, Cidone's ineffective assistance of counsel claim

relating to the outcome of his motion to suppress is without merit.

Cidone's second claim for relief also fails. Essentially, Mr. Cidone argues that medication and counsel's ineffectiveness caused him to plead guilty. With respect to the claim that he was under the influence of medication at the time he pled guilty, the Third Circuit has already rejected this argument. *See Cidone*, 452 F. App'x at 194 ("Cidone proffers that he pled guilty because he was under a considerable amount of stress and under the influence of medication. We find his explanations insufficient to overcome his substantial burden under Jones. . . . As discussed above, the District Court's colloquy was thorough and proper, and the record indicates that Cidone's plea was knowing and voluntary."). Moreover, counsel was not ineffective for allowing Cidone to plead guilty at that time. Although the transcript reflects that Cidone stated that he used sleeping pills for his problems sleeping at night, he further indicated that his mind was clear and that he understood that he was pleading guilty. (Doc. 227, 6:25-7:9.)

Furthermore, Cidone cannot establish that he was prejudiced by counsel's alleged failure to investigate and explore all aspects of his case. During the plea hearing, Cidone was placed under oath and asked questions to ensure that he understood his rights and consequences of pleading guilty. Cidone indicated that he understood all of those rights. Thereafter, the Government presented the factual basis that it intended to prove if the case proceeded to trial. Cidone then admitted under oath to committing the crime charged in Count 2 of the Indictment. In addition, he admitted to committing the crime in a signed, counseled statement. As a result, I found that Cidone was competent and capable of entering into a guilty plea, that he was aware of the nature and consequences of pleading guilty, and that the plea was knowing and voluntary and contained each of the elements of the offense. Based on these facts, Cidone fails to establish that his counsel was ineffective under *Strickland*. Accordingly, Cidone's claim that he was denied the effective assistance

of counsel based on counsel's alleged failure to investigate and explore all aspects of his case which resulted in a guilty plea is without merit.

## IV. Conclusion

For the above stated reasons, Cidone's motion will be denied. Furthermore, in proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a COA should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). As reasonable jurists would not disagree with the resolution of Cidone's motion, a COA will not issue.

An appropriate order follows.

December 19, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge